UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANNE FRANCES ZIEGENHORN et al.,
    Plaintiffs,

vs.                              Case No.: 3:21cv1800/MCR/EMT

OKALOOSA COUNTY SHERIFF OFFICE,
et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Anne Frances Ziegenhorn, a non-prisoner proceeding pro se, initiated this case by filing a document titled "Notice of Appeal and Objection to District Judge," to which she attached a number of documents (ECF No. 1). On November 2, 2021, the undersigned entered an order noting it appears Plaintiff's filing stems from a property dispute adjudicated in the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida (ECF No. 3). Considering Plaintiff named as Defendants the Okaloosa County Sheriff's Office, Okaloosa County Clerk of Court, and First Judicial Circuit Court Judge William Stone, the undersigned construed the filing as a civil rights complaint brought pursuant to 42 U.S.C. § 1983 and advised that if Plaintiff wished to institute a civil action, she must do so by filing a complaint on the required Northern District form (*id.*).

Case No. 3:21cv1800/MCR/EMT

The undersigned directed the clerk of court to forward Plaintiff a civil rights complaint form for use in this district by non-prisoners proceeding pro se and allowed Plaintiff thirty days in which to file an amended civil rights complaint (ECF No. 3.).[1]  The undersigned advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed (*id*.).  After more than thirty days elapsed and Plaintiff had not complied, on December 15, 2021, the undersigned issued an order directing Plaintiff to show cause, if any, why this case should not be dismissed for failure to comply with an order of the court (ECF No. 6).  The undersigned advised that failure to comply with the order would result in a recommendation that the case be dismissed (*id*. at 2).

Plaintiff did not file a response to the order to show cause, but she did file an amended complaint on December 20, 2021 (ECF No. 8).[2]  Rather than file the amended complaint on the court form, Plaintiffs filed an amended complaint *without using the court form* (*see id*.), despite having been provided the form, instructed to

---

[1] The undersigned noted that in the event the court misconstrued the intended nature of the filing, Plaintiff could procure, in person at the clerk's office or online at the court's website, the appropriate complaint form (ECF No. 3 at 3 n.1).

[2] Joel-Garland Ziegenhorn was included as a plaintiff in the amended complaint, and the signature of "Joel Garland Ziegenhorn-Vessel," along with that of "Anne Frances Ziegenhorn-Vessel" and what appear to be two fingerprints applied with a red substance, appear at the end of the amended complaint (*see* ECF No. 8 at 13).  Mr. Ziegenhorn thus was added to the docket as a party to the action.

Case No. 3:21cv1800/MCR/EMT

use it, and advised that failure to comply with the court's instructions would lead to dismissal of this action.

On December 30, 2021, the court allowed Plaintiffs "a *final opportunity* to file an amended complaint on the court-approved form, as required by the court's Local Rules," and instructed that they do so within thirty days (ECF No. 9) (emphasis added). At the court's direction, the Clerk again provided Plaintiffs with the court-approved complaint form. And the court warned that failure to timely file a second amended complaint as instructed would "result in a recommendation, *without further notice*, that this case be dismissed" (*id*. at 3) (emphasis added).

Plaintiff Anne Frances Ziegenhorn requested reconsideration of the court's order of December 30, 2021, which request was denied (ECF Nos. 10, 11). Ms. Ziegenhorn then sought review by the district court; specifically, she filed a "Motion of Objection" (ECF No. 12), which objection the district court overruled on January 27, 2022 (ECF No. 13). In pertinent part, in overruling Plaintiff's objection the district court stated:

> The magistrate judge's order [of December 30, 2021] afforded Plaintiff another opportunity to comply with prior orders directing Plaintiff to file a civil rights complaint on the required form, as required by this Court's rules. The proper form was previously provided to Plaintiff, and no part of the magistrate judge's order providing additional time to comply is clearly erroneous or contrary to law.

(ECF No. 13 at 1–2).

Plaintiffs still have not filed a second amended complaint, and the time for doing so has elapsed. Plaintiffs were previously warned—Ms. Ziegenhorn more than once—that failure to comply with this court's orders would result in dismissal of this action, but Plaintiffs continued to fail to comply with the court's orders. Therefore, this action should be dismissed for failure to comply—putting aside the fact that the complaints and filings are nonsensical and appear to be in the nature of "sovereign citizen-type" filings.[3]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiffs' failure to comply with orders of the court.

---

[3] For example, Ms. Ziegenhorn identifies herself as a vessel, indicates she lives in the "Florida Republic" and has no zip code, uses a copyright symbol by her signature, and claims she has "informed the court all of my Non-Corporate Status and rescinded all that has to do with an all-capitol name, that is not me, ANNE FRANCES ZIEGENHORN-VESSEL!" (*see, e.g.*, ECF No. 10 at 1, 2; ECF No. 12 at 1, 3, 13). *See, e.g., Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming dismissal without leave to amend a frivolous, sovereign-citizen like complaint); *Linge v. State of Georgia Inc.*, 569 F. App'x. 895, 896 (11th Cir. 2014) (affirming *sua sponte* dismissal of pro se action, reasoning that sovereign citizen theories are "wholly insubstantial and frivolous"). To allow Plaintiffs yet another opportunity to amend "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15cv335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016), *report and recommendation adopted*, No. 3:15cv335/MCR/CJK, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016) (dismissing sovereign-citizen like nonsensical complaint without leave to amend).

At Pensacola, Florida, this 9th day of February 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**